IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT EARL CLAYBORNE JR., | ) | 8:15CV144 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LANCASTER COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff Robert Earl Clayborne's Amended Complaint (Filing No. 17). For the reasons explained below, the court will dismiss this case with prejudice.

The court conducted an initial review of Clayborne's Complaint (Filing No. 1) on November 6, 2015. The court summarized the factual allegations underlying this federal action in its initial review of Clayborne's Complaint. (*See* Filing No. 16 at CM/ECF pp. 1-4.)

Clayborne filed the Amended Complaint at issue here on November 19, 2015. He named Judge Stephanie Stacy, Lori Pasold, and Christopher Eickholt as the defendants. Judge Stephanie Stacy presided over Clayborne's 2012 criminal proceedings, Pasold prosecuted him, and Eickholt served as his public defender. (*See* Filing No. 16 at CM/ECF pp. 1-4.)

Clayborne alleged in his Amended Complaint that Stacy, Pasold, and Eickholt allowed him to plead guilty to criminal charges even though they were aware he suffered from a mental illness. He argues their actions constituted deliberate indifference to serious medical needs, and was a violation of the Americans with Disabilities Act ("ADA"). (*See generally* Filing No. 17.) Clayborne seeks money damages in this case, and specified his constitutional claims are lodged against the defendants in their individual capacities.

The court will dismiss Clayborne's claims against Judge Stacy and Pasold in their individual capacities because, for the reasons already discussed in the court's Memorandum and Order dated November 6, 2015, Clayborne's claims against them are barred under the doctrines of judicial immunity and prosecutorial immunity. (*See* Filing No. 16 at CM/ECF pp. 7-8.)

In addition, the court will dismiss Clayborne's claims against Eickholt brought under 42 U.S.C. § 1983. For the reasons discussed in the court's November 6 Memorandum and Order, Eickholt is not a state actor.

The court will also dismiss Clayborne's ADA claims. Congress enacted the ADA with the purpose of "provid[ing] a clear and comprehensive national mandate for the elimination of *discrimination* against individuals with disabilities." 42 U.S.C. § 12101(b)(1) (emphasis added). Clayborne did not identify any provision of the ADA that would have required the judge, prosecutor, or his public defender to halt his criminal proceedings because they believed he suffered from a mental illness. Moreover, he presented no allegations to suggest any of the defendants subjected him to unlawful disability-based discrimination.

IT IS ORDERED that: This case is dismissed with prejudice. The court will enter judgment by a separate document.

DATED this 23rd day of February, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge